# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02545-NYW

STEPHEN HAMER,

    Plaintiff,

v.

CITY OF TRINIDAD,

    Defendant.

# ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant City of Trinidad's ("Defendant" or "City") Motion to Stay Proceedings (or "Motion"), filed July 24, 2019. [#84]. Defendant requests the court stay this matter pending its forthcoming petition to the Supreme Court of the United States for writ of certiorari. *See* [*id.*]. Having reviewed the Motion and associated briefing [#87; #90], the applicable case law, and the comments offered at the August 2, 2019 Status Conference [#88], I **DENY** the Motion to Stay Proceedings.

## BACKGROUND

The court has discussed the background of this matter in its prior Orders, *e.g.*, [#67], and therefore will limit its discussion to only those facts most salient to the instant Motion. On December 1, 2017, the court issued its Memorandum Opinion and Order, wherein it granted Defendant's Motion for Summary Judgement and denied Plaintiff Stephen Hamer's ("Plaintiff" or "Mr. Hamer") Motion for Summary Judgment, holding the statute of limitations barred Mr. Hamer's American with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims. *See generally* [*id.*]. Because the court's ruling was dispositive of all claims, Final Judgment issued in

favor of Defendant and against Mr. Hamer on December 1, 2017. *See* [#68]. Thereafter, Mr. Hamer filed a timely appeal of the court's Final Judgment to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") on December 20, 2017. *See* [#69].

The Tenth Circuit issued its Opinion and Judgment on May 15, 2019. *See* [#75; #76]. The Tenth Circuit reversed and remanded this matter back to the undersigned, concluding the statute of limitations did not bar Mr. Hamer's ADA and RA claims in their entirety, and directed the undersigned to conduct further proceedings not inconsistent with its Opinion. *See* [#75; #76]. The Tenth Circuit's Mandate issued on June 20, 2019, *see* [#77], following its denial of the City's petition for rehearing en banc.

Following the Tenth Circuit's Mandate, the court set this matter for a Status Conference. At this Status Conference, the City informed the court of its intent to file the instant Motion to Stay Proceedings pending its forthcoming petition to the Supreme Court for writ of certiorari. *See* [#80]. The court also set this matter for a Supplemental Scheduling Conference for August 2, 2019, later converted to a Status Conference. *See* [*id.*; #88]. The City filed the instant Motion on July 24, 2019, seeking a stay of this matter. *See* [#84]. Plaintiff has since responded to the Motion [#87] and Defendants replied [#90] and the court entertained brief argument on the matter at the August 2 Status Conference [#88]. The Motion is now ripe for disposition.

## ANALYSIS

### I.     The Motion to Stay Proceedings

Arguing under the *String Cheese* factors,[1] Defendant moves for a stay of this matter pending the outcome of its forthcoming petition for writ of certiorari to the Supreme Court. *See*

---

[1] *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (setting forth factors to consider when ruling on a motion to stay: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice

2

[#84 at 2-3]. It argues a stay is warranted, because it would not prejudice Plaintiff, whose damages consist of repairs and compensatory damages which will not be affected by a stay; the burden on the City would be large should it have to engage in further litigation that may be irrelevant if successful at the Supreme Court—this same reason imposing a high burden on the court; and the public and non-parties will not be prejudiced by a stay as the City intends to repair many of the sidewalks and curb cuts at issue pending its appeal to the Supreme Court. *See* [*id.* at 3-4].

In his Response, Mr. Hamer argues against a stay because the Motion is procedurally improper pursuant to 28 U.S.C. § 2101(f), which requires the City to file said Motion with the Tenth Circuit or a Justice of the Supreme Court, not the district court. *See* [#87 at 1-2]. Further, Plaintiff argues the Motion is substantively deficient because Mr. Hamer would be prejudiced by a stay and the City fails to satisfy its high burden that the Supreme Court would not only accept its petition for writ of certiorari but would then rule in the City's favor. *See* [*id.* at 2-4]. For the following reasons, I respectfully conclude a stay is not appropriate presently.

*First*, the court agrees with Mr. Hamer that the Motion is procedurally defective pursuant to 28 U.S.C. § 2101(f). Section 2101(f) provides,

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . .

28 U.S.C. § 2101(f). Interestingly, the City argues that § 2101(f) does not apply because "there has been no final judgment or decree in the case- hence the need for remand and further proceedings." [#90 at 1-2]. But the court indeed issued a Final Judgment in favor of the City and

---

to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest).

against Mr. Hamer, disposing of all claims and dismissing this matter with prejudice on December 1, 2017. *See* [#68]; *cf. Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) ("A final judgment is one that terminates all matters as to all parties and causes of action" (internal quotations and citations omitted)). And the Tenth Circuit's reversal and remand for further proceedings is similarly a final judgment subject to review by the Supreme Court, *see* 28 U.S.C. § 1254; hence the City's forthcoming petition for writ of certiorari, *see New York Times Co. v. Jascalevich*, 439 U.S. 1317, 1318 (1978) ("Under 28 U.S.C. § 2101(f), a stay is authorized only if the judgment sought to be stayed is final *and* is subject to review by the Supreme Court on writ of certiorari." (emphasis in original)).

While not identical on all fours to the instant matter, I find persuasive the court's reasoning in *Brinkman v. Department of Corrections of State of Kansas*, 857 F. Supp. 775 (D. Kan. 1994). There, in response to the plaintiffs' motion to direct payment to their attorney following the defendant's unsuccessful appeal of the trial verdict to the Tenth Circuit, the defendant requested that the court not direct payment because of its forthcoming petition for writ of certiorari to the Supreme Court. *See id.* at 776. Because the Tenth Circuit had already issued its Mandate, the district court concluded,

> In effect, the defendant wants this court to stay the Tenth Circuit's mandate. By the terms of 28 U.S.C. § 2101(f), a stay pending an application for certiorari to the Supreme Court "may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . ." Recent authority uniformly holds that <u>only the court of appeals or a justice of the Supreme Court</u> can stay the execution or enforcement of the court of appeals' judgment. . . . In addition, § 2101(f) contemplates enforcement of the court of appeals' judgment, even during the certiorari process, if no stay is obtained. . . . With the issuance of the mandate, the prior stay dissolved and this court regained jurisdiction of the case for the purpose of enforcing the judgment. This court lacks jurisdiction to stay the Tenth Circuit's mandate, and the defendant apparently has not obtained a stay from the Tenth Circuit or a justice of the Supreme Court.

*Id.* at 777 (emphasis added) (internal citations omitted).

Further, in *Vogt v. City of Hays, Kansas*, No. 15-1150-JTM-GEB, 2017 WL 1250826, at *3 (D. Kan. Apr. 5, 2017), the court denied the defendant's motion to stay the district court proceedings pending its petition for writ of certiorari to the Supreme Court under circumstances similar to those here. In *Voigt*, the Tenth Circuit reversed and remanded in part the district court's dismissal of the plaintiff's claims against the defendant and the defendant moved for a stay pending its forthcoming petition for writ of certiorari. *See id.* at **2-3. Relying on *Brinkman*, the court denied the defendant's motion to stay because "§ 2101(f) does not permit it to exercise jurisdiction to stay the Tenth Circuit's final judgment pending the filing or resolution of Defendant's petition for writ of certiorari." *Id.* at *4 ("If the Defendant wishes to stay the mandate, it is free to seek stay from either the Tenth Circuit or the Supreme Court, but this Court is without jurisdiction to accommodate Defendant's request."). I find the same to be true here, and thus conclude that this court lacks jurisdiction to stay the Tenth Circuit's Mandate.

***Second***, while the court is uncertain the City must satisfy the four elements for a stay articulated in *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (explaining the four factors governing in-chambers stay application, and noting a Justice of the Supreme Court grants such applications "only in those extraordinary cases"), I find a stay is not warranted even under the *String cheese* factors.

As to the first factor, the court respectfully disagrees that Mr. Hamer will suffer no prejudice from a stay. Mr. Hamer filed this case in October 2016; he appealed the court's Final Judgment to the Tenth Circuit on December 20, 2017; and he received a favorable ruling on May 15, 2019, with the Mandate issuing on June 20, 2019—this being roughly three years since he filed suit. The court finds Mr. Hamer has an interest in proceeding with this matter expeditiously following the Tenth Circuit's remand and that he will suffer prejudice should the court stay this

5

matter for an indeterminate amount of time pending the Supreme Court's ruling on Defendant's petition for writ of certiorari.

As to the second factor, the court finds the burden on the City minimal in the absence of a stay. Indeed, by this Order, the court sets forth the parameters for the additional discovery needed in this matter. *Cf. Sanchez v. Hartley*, No. 13-CV-01945-WJM-CBS, 2016 WL 7176718, at **7-9 (D. Colo. Apr. 26, 2016) (denying the defendants' motion to stay pending a petition for writ of certiorari to the Supreme Court concerning the defendants' interlocutory appeal of the denial of qualified immunity, and concluding discovery burdens on the defendants in the interim would be minimal). And while the court agrees that a successful ruling by the Supreme Court <u>could</u> render further litigation moot, I am unconvinced the City has made a sufficient showing of that here. Further, the City represents that it and the United States Department of Justice have agreed to a three-year timeframe for addressing ADA matters in the "parties formal settlement agreement[,]" and thus, regardless of whether this litigation proceeds, the City will undertake efforts to remediate many of the ADA and RA violations Mr. Hamer alleged in his Complaint.

As to the third factor, the court disagrees that a stay will convenience the court. Though the court is aware of the time and resources it will expend in ruling on the City's renewed Motion for Summary Judgment and in possibly conducting a trial in this matter, this alone, or in conjunction with the speculative result that the City will be successful before the Supreme Court, does not warrant a stay in the matter. Indeed, the court has an obligation under Rule 1 of the Federal Rules of Civil Procedure to ensure the just and speedy resolution of this action. *Cf. Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (explaining that courts in this District generally disfavor stays).

6

As to the fourth and fifth factors, I find them to be neutral at best. There are benefits to both non-parties and the public in proceeding with this matter. But the court is also aware of the potential public consequences associated with this litigation. Thus, the fourth and fifth factor neither weigh in favor of a stay nor counsel against it.

Accordingly, I **DENY** the Motion to Stay Proceedings. To the extent the Supreme Court grants the City's petition for writ of certiorari, the court will revisit the issue of a stay at that time. I now turn to the appropriate scope of discovery heading forward.

## II. Scope of Discovery

In denying the Motion to Stay, the court takes the opportunity to address discovery, which was raised in the context of a proposed Second Scheduling Order ("proposed Supplemental Scheduling Order") [#86], filed July 25, 2019, and discussed at the Status Conference on August 2, 2019. [#88]. In the proposed Supplemental Scheduling Order, Plaintiff proposed additional new discovery of ten (10) interrogatories and ten (10) requests for production. [#86 at 6]. Plaintiff further proposes that he be permitted to conduct a supplemental Rule 34 inspection so that his expert can evaluate what changes, if any, have occurred to the sidewalks and curb cuts in the City. [*Id.*]. Defendant contends that no additional discovery or inspection should be permitted at this time. [*Id.*].

As noted by Defendant, discovery had closed prior to the Parties' filing of cross-motions for summary judgment. [#19 at 8]. Plaintiff argues that the Tenth Circuit clarified that Mr. Hamer could pursue any violations that occurred during the limitations period and after the filing of suit. [#86 at 7]. This court does not read the Circuit's opinion quite so broadly. In remanding the case to this court, the Tenth Circuit did not contemplate the re-opening of discovery for new inquiries. But it does not follow that the Tenth Circuit's decision precludes all discovery at this juncture.

7

Contrary to Defendant's arguments, Mr. Hamer does not need to prove that he encountered each and every alleged violation within the two years prior to the commencement of the lawsuit. Rather, in holding that the repeated violations doctrine applies to Mr. Hamer's allegations, the Circuit explained:

> [A] public entity repeatedly violates [Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act of 1973] <u>each day that it fails to remedy a non-compliant service, program, or activity</u>. Accordingly, a qualified individual with a disability is excluded from the participation in, denied the benefits of, and subject to discrimination under the service, program, or activity each day that she is deterred from utilizing it due to its non-compliance. <u>She stops suffering a daily injury only when the public entity remedies the non-compliant service, program, or activity or when she no longer evinces an intent to utilize it.</u>

*Hamer v. City of Trinidad*, 924 F.3d 1093, 1103 (10th Cir. 2019) (emphasis added). And then, the Tenth Circuit subsequently directed this court to:

> [D]ecide in the first instance under the framework set forth in this opinion which of Plaintiff's injuries he may seek relief for and which of those he may not. In so doing, the district court will necessarily need to determine which of the City's sidewalks and curb cuts Plaintiff has actually been deterred from utilizing.

*Id.* at 1110-11.

In his Complaint, Mr. Hamer identifies specific examples of barriers in violation the ADA and the RA. [#1 at ¶ 40]. Though Defendant focuses on the argument that Plaintiff could not identify a single sidewalk or curb cut to which he was denied access in the two years prior to filing suit during his 2017 deposition [#86 at 6], the record does reflect Mr. Hamer's identification of certain curb cuts and sidewalks in violation of the ADA and the RA. In support of his Motion for Summary Judgment, Mr. Hamer attached his response to Interrogatory No. 5 [#41-7] that identifies the certain alleged violations, specifically incorporating the findings of Mr. Heybeck who reviewed a total of 178 curb ramps and 55 areas of sidewalk. [#41-8 at 10, ¶ 33]. Mr. Hamer further responded to Interrogatory No. 5 by pointing out that of 178 inspected curb ramps, Mr.

Heybeck opined that 120 ramps were non-compliant. [#41-7 at 3, ¶ H]. The City's own expert responded to Mr. Heybeck's opinions in his own report. [#41-14 at 1]. Nothing in the record before the court at this point suggests that Mr. Hamer has evinced any intent to abandon using any of the areas identified in his response to Interrogatory No. 5.

Accordingly, this court finds that the scope of supplemental discovery should be limited to the violations reflected in Mr. Hamer's response to Interrogatory No. 5, including but not limited to 120 curb ramps reflected in Mr. Heybeck's report as non-compliant. The following supplemental schedule will govern the remainder of the proceeding.

## CONCLUSION

Therefore, **IT IS ORDERED** that:

(1) The City's Motion [#84] is **DENIED**;

(2) The Parties will supplement written discovery pursuant to Rule 26(e)[2] of the Federal Rules of Civil Procedure no later than **September 14, 2019**;

(3) Plaintiff will be permitted to conduct a supplemental Rule 34 inspection of the violations identified in his response to Interrogatory No. 5 no later than **September 30, 2019**;

(4) Each side is permitted to take **one (1) deposition, limited to one day of four (4) hours**, directed at facts arising between December 1, 2017 to the present, no later than **October 18, 2019**;

---

[2] The purpose of Rule 26(e) is to allow the parties to supplement their discovery responses, including expert reports, in timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. *See FOX Factory, Inc. v. SRAM, LLC*, No. 18-CV-00130-WJM-NYW, 2019 WL 1450622, at *2 (D. Colo. Apr. 2, 2019). The Rule is not intended to permit additional discovery, but rather "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998); *Beller v. United States*, 221 F.R.D. 689, 694-95 (D.N.M. 2003).

(5) Supplemental reports for affirmative experts are due no later than **October 25, 2019**;

(6) Supplemental reports for rebuttal experts are due no later than **November 15, 2019**;

(7) All discovery closes no later than **November 29, 2019;**

(8) **No further dispositive motions are permitted without leave of court, which must be sought no later than December 5, 2019**; and

(9) A Final Pretrial Conference is **SET** for **February 7, 2020 at 10:00 a.m.** A proposed Final Pretrial Order is **DUE** no later than **January 31, 2020.**

DATED: August 14, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge